## DARLINGTON v. HAMILTON BANK OF NEW YORK CITY.

(Supreme Court, Appellate Term. May 7, 1909.)

**1. INFANTS (§§ 52, 57, 58*)—NOTE—VALIDITY—REPUDIATION.**

The note of an infant is voidable, and may be affirmed by the infant after becoming of age, or repudiated, either before the infant becomes of age or within a reasonable time thereafter.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 128, 129, 136–146, 149–160; Dec. Dig. §§ 52, 57, 58.*]

**2. INFANTS (§ 58*)—CONTRACTS—REPUDIATION—REASONABLE TIME.**

What constitutes a reasonable time within which an infant must repudiate a contract made during minority, after she becomes of age, depends largely on the circumstances of the case.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 151; Dec. Dig. § 58.*]

**3. INFANTS (§ 58*)—NOTES—REPUDIATION—TIME.**

Where the time when plaintiff first learned that her note, executed to her father during minority, had been negotiated to defendant, a bona fide purchaser for value without notice, was not shown, plaintiff's delay of less than four months in repudiating liability after plaintiff became of age was not unreasonable.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 151; Dec. Dig. § 58.*]

**4. SET-OFF AND COUNTERCLAIM (§ 59*)—JUDGMENT.**

Where defendant admitted plaintiff's claim and set up a counterclaim, a judgment awarding defendant the whole amount of its counterclaim, without deducting plaintiff's claim therefrom, was erroneous.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 130; Dec. Dig. § 59.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Marguerite B. Darlington against the Hamilton Bank of New York City. From a Municipal Court judgment for defendant on a counterclaim, plaintiff appeals. Reversed, remanded, and judgment ordered for plaintiff, with costs.

See, also, 112 N. Y. Supp. 1097.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thomas H. McKee, for appellant.

Gifford, Hobbs & Beard (John D. Fearhake, of counsel), for respondent.

PER CURIAM. The pleadings are oral. The complaint is "Money had and received." The answer is: "General denial; bill of particulars; counterclaim for $775." The parties agreed upon a conceded state of facts as follows: Plaintiff has on deposit with defendant bank $374.29, which has been demanded, and not paid. Defendant is the owner and holder of a promissory note for $775, signed by plaintiff. The said note was signed by plaintiff on June 11, 1907, and there was no other handwriting then upon the said note, except plaintiff's signature; and plaintiff, on the said day, delivered the same to G. C. Darlington, her father. The note itself is as follows:

"New York, Oct. 11, 1907.　　　　　　　　　　　　　　　　$775.00.

"Four months after date I promise to pay to the order of G. C. Darlington seven hundred and seventy-five no/100 dollars at Hamilton Bank of New York City, Tremont Branch, 705 Tremont Avenue. Value received.
　　　　　　　　　　　　　　　　　　　　　　"Marguerite B. Darlington."

The plaintiff became 21 years of age on the 26th day of August, 1907. The handwriting on the note, above the signature, is that of G. C. Darlington, the payee. On the 11th day of October, 1907, the said note was duly indorsed by the said G. C. Darlington and delivered to the defendant for full value. Neither the said note, nor any part thereof, has been paid, and the same was duly presented and protested when due. On the 4th of December, 1907, the plaintiff, by her attorney, wrote to defendant the following letter:

"Gentlemen: I am attorney for Miss Marguerite B. Darlington, whose signature appears upon a certain note in your possession for $800, due February 11th, 1908. This note was apparently used by G. C. Darlington, my client's father. Please take notice that, when the said note was signed, my said client, the maker, was an infant, and hereby notifies you that she disavows the act, and that the said note will not be paid when presented."

This letter was duly received by defendant. The plaintiff received no benefit, directly or indirectly, from the said note, and the moneys she sues for herein are not a part of the proceeds thereof; but the defendant never at any time had notice of these facts. The plaintiff sued for a part of the balance to her credit in the defendant bank. The defendant at the trial reduced its counterclaim from $775 to $374.29. The court gave judgment in favor of defendant against plaintiff for $374.29 damages and $27.31 costs. Plaintiff appeals.

It will be observed that when the note was negotiated, and the defendant paid full value therefor, plaintiff was an adult, as it will be remembered that, while the note was signed on June 11, 1907, and she became of age on August 26, 1907, the note bore the date October 11, 1907, and was negotiated on October 11, 1907. She did not repudiate the note, as we have seen, until December 4, 1907, nearly four months after she became of age, and only about two months prior to the time when the note became due. The learned counsel for the respondent urges that where an instrument, or an acceptance, or any indorsement

thereon, is dated, such date is prima facie the true date of the making, drawing, acceptance, or indorsement, as the case may be, and that, for legal purposes, a note is to be presumed as made or drawn when it was delivered, and that, as a check or note has no inception until delivery, for all legal purposes it is to be presumed as made on the day it is delivered. All presumptions, however, arising from the date of the note, in the case at bar, are inapplicable, since it is a conceded fact in the case that the note in suit was signed and delivered to the payee on June 11, 1907, when plaintiff was an infant, and the note was, therefore, voidable in its inception, and it will be remembered that plaintiff signed the note in blank and delivered it to her father, the payee, who himself, at some time not revealed by the evidence, filled in the date —i. e., "Oct. 11, 1907"—and all other written portions of the note, except the signature of plaintiff, and then, on October 11, 1907, negotiated the note, as above stated, to defendant, a bona fide holder.

The promissory note of an infant is voidable, not void, and may be affirmed by the infant after becoming of age, or repudiated by the infant before such infant becomes of age, or within a reasonable time after becoming of age, and what constitutes a reasonable time is dependent largely upon the circumstances of the case. In the case at bar no express act in any way tending to affirm or ratify the contract, from which contract plaintiff received no benefit, is shown or alleged; but, on the contrary, as we have seen, plaintiff expressly repudiated the contract on December 4, 1907, somewhat less than four months after she became of age. It is true that no reason for waiting so long is shown; but, on the other hand, there is nothing to indicate the time when plaintiff first learned that the note had been negotiated. It does not seem to us that, under the conceded state of facts in the case at bar, it can be said that plaintiff's delay of less than four months in acting with respect to the contract should be held to be a ratification of such contract on her part and a bar to her final repudiation of the same on December 4, 1907. The conclusion reached by the learned court below was erroneous, and cannot stand.

Furthermore, it will be observed that, although it is conceded that plaintiff has on deposit with defendant $374.29, of which she demands, according to the summons, $181.80, and although defendant voluntarily reduced its counterclaim at the trial to $374.29, the exact amount of plaintiff's deposit, the court gave judgment for defendant for $374.29 damages and $27.31 costs, making a total of $401.60. This seems to be error, for plaintiff's claim is conceded, and, even assuming the court were warranted in allowing the whole of defendant's counterclaim, there should have been deducted therefrom the amount of plaintiff's claim.

The judgment must be reversed, and, as there is no dispute as to the facts, judgment absolute is ordered for plaintiff for the sum of $181.80 the amount named in the summons, with appropriate costs in the court below and costs of this appeal.